PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

**HEARING DATE & TIME:**
**SEPTEMBER 9, 2020 at 10:00 AM**

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
In re:                                                   CHAPTER 13
:
SATIVIR KAUR,                          Case No.: 20-22175 (SHL)
:
                                 Debtor.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**OBJECTION OF THE BOARD OF MANAGERS OF THE WOODS III IN WESTCHESTER CONDOMINIUM II AND THE WOODS III IN WESTCHESTER HOMEOWNERS ASSOCIATION TO THE DEBTOR'S AMENDED CHAPTER 13 PLAN**

**TO:**    **THE HONORABLE SEAN H. LANE**
        **UNITED STATES BANKRUPTCY JUDGE**

       **THE BOARD OF MANAGERS OF THE WOODS III IN WESTCHESTER CONDOMINIUM II** (the "Condo Board") and the **WOODS III IN WESTCHESTER HOMEOWNERS ASSOICTAION, INC**. (the "HOA") submit this objection to the amended Chapter 13 plan of the Debtor:

1.     On January 31, 2020, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the Clerk of this Court. The case was referred to the Bankruptcy Judge herein.

2.     The Debtor's primary asset is a condominium at 31 Bleakley Drive 26-1, Peekskill, NY 10566 (the "Condo").

1

3. The Debtor, who upon information and belief, continues to reside in the Condo has failed to pay common charges to the Condo Board. The Condo Board holds a secured claim in the amount of $29,650.51 for amounts due pre-petition. As set forth in the proof of claim, notice of lien was timely filed with the Clerk of Westchester County under control number 570683406. Various judgments were entered in Peekskill City Court which became automatic liens against the Condo by operation of law. The HOA also holds a secured claim against the Debtor for amounts due under the Homeowner's Association Declaration and By Laws.

4. Bayview holds or services the first mortgage on the Condo. According to Bayview, as of August 4, 2020, $237,521.46 was due and owing.

5. The Debtor stopped making payments to Bayview.

6. The Debtor has not made payments to the Condo Board or HOA since the filing.

### Surrender is not Effective as to HOA

7. The Debtor seeks to surrender her interest in the Condo in full satisfaction of any claims held by Bayview and the Condo Board. The Debtor did not surrender the property in satisfaction of the secured claim of the HOA. As such, the HOA claim survives and the entire secured amount should be paid under the Plan.

8. The Debtor did not provide for payment of the secured amounts due under the Plan and thus the Plan should not be approved.

### Debtor Responsible for Any Deficiency

9. In addition, the Debtor, who does not reside in the Condo, is responsible for any deficiency that may be incurred by the Condo Board and/or HOA. Such deficiency must be fixed as the Court noted by Judge Glenn in *In re Sneidjer*. United States Bankruptcy Court, S.D. New York.(July 2, 2009) No. 08-13627(MG) (Bankr. S.D.N.Y. 2009).

10. In the event that the Court permits the Debtor to surrender the Condo, the Debtor must move to fix the Condo Board's deficiency claim and such claim must be included in the plan.

Dated: White Plains, New York
September 2, 2020

**PENACHIO MALARA, LLP**
By: /s/ Anne Penachio
Anne Penachio
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889